## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 12 2015, 6:53 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Roland Mobley,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 12, 2015

Court of Appeals Cause No.
29A02-1404-CR-282

Appeal from the Hamilton Superior
Court; The Honorable Gail Z.
Bardach, Judge
29D06-1310-FD-8334

**May, Judge.**

[1] Roland Mobley appeals his conviction of Class D felony intimidation.[1] We affirm.

## Facts and Procedural History

[2] On October 5, 2013, Mobley texted his ex-wife "I'm bleeding out now. Don't sweat. It's necessary." (Tr. at 330.) His ex-wife notified the police, who decided to conduct a welfare check on Mobley. The police arrived at Mobley's property, which has two houses on it. They received no response to their knock and announcement at the first house, so officers knocked at the second house. A teenage female at the second house offered to lead officers to Mobley in the first house. The teen and the officers walked into the first house, and the officers remained at the top of the basement steps while the teen went down to look for Mobley. The teenager came running back up the steps exclaiming Mobley "had a gun." (*Id.* at 184.) Mobley repeatedly yelled "get out of my house," (*id.* at 319), and threatened to shoot the people upstairs if they did not leave. Officers repeatedly announced themselves and asked Mobley to come to where they could see him to know he was safe. Instead Mobley continued to threaten to kill them.

[3] Officer Tim Wright, who had known Mobley from the community, tried to initiate a conversation, but Mobley claimed not to recognize his voice.

---

[1] Ind. Code § 35-45-2-1 (2013).

Nevertheless, Mobley yelled to Officer Wright, "No, I'm not okay." (*Id.* at 148.) Mobley then resumed threatening the officers.

[4] Once officers left the house, Mobley called Lieutenant Thomas Logan on Logan's cell phone and repeated his threats. Later, Mobley was in a conversation with his girlfriend who offered to put another officer, Deputy Kenton Mustain, on the phone. Mobley insisted the officers leave his property and that "it would not end well" if he had to come up. (*Id.* at 270.) In the early morning, officers left the property without having seen Mobley.

[5] The State charged Mobley with Class D felony intimidation. Mobley tendered jury instructions regarding self-defense, but the trial court refused them, finding that the statute defined self-defense in a way that applied only to the use of force, not to the use of a threat of force. Mobley was found guilty by a jury and sentenced to 730 days, with 90 days executed and 640 days suspended to probation.

## Discussion and Decision

[6] Mobley asserts the trial court erred in not giving a jury instruction regarding self-defense of property.

> The purpose of jury instructions is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict. In reviewing a trial court's decision to give a tendered jury instruction, we consider (1) whether the instruction correctly states the law, (2) is supported by the evidence in the record, and (3) is not covered in substance by other instructions. The trial court has discretion in instructing the jury, and we will reverse only when the

instructions amount to an abuse of discretion. To constitute an abuse of discretion, the instructions given must be erroneous, and the instructions taken as a whole must misstate the law or otherwise mislead the jury. We will consider jury instructions as a whole and in reference to each other, not in isolation.

[7] *Munford v. State*, 923 N.E.2d 11, 14 (Ind. Ct. App. 2010). "A defendant is only entitled to reversal if he affirmatively demonstrates that the instructional error prejudiced his substantial rights." *Hero v. State*, 765 N.E .2d 599, 602 (Ind. Ct. App. 2002), *trans. denied*.

[8] Mobley wanted a jury instruction on self-defense, which our legislature defined as:

> (d) A person:
>
>> (1) is justified in using reasonable force, including deadly force, against any other person; and
>
>> (2) does not have a duty to retreat;
>
> if the person reasonably believes that the force is necessary to prevent or terminate the other person's unlawful entry of or attack on the person's dwelling, curtilage, or occupied motor vehicle.

[9] Ind. Code § 35-41-3-2. The trial court declined to give such an instruction because its application would be incorrect as a matter of law in the context of an intimidation charge. We agree with the trial court.

[10] Mobley was charged with intimidation, which occurs when "[a] person . . . communicates a threat to another person, with the intent . . . that the other

person engage in conduct against the other person's will." Ind. Code § 35-45-2-1 (2013). Self-defense is a theory that negates responsibility for what otherwise would be a criminal act by permitting individuals to use force to protect persons or property. *Henson v. State*, 786 N.E.2d 274, 276-77 (Ind. 2003). Mobley's criminal act involved threatened force, but the legislature's definition of self-defense does not include threat of force. *See* Ind. Code § 35-45-2-1. The legislature has, however, included both force and threat of force in other statutes. *See, e.g.,* Ind. Code § 35-42-4-1 ("[rape] is a Level 1 felony if: (1) it is committed by using or *threatening the use* of deadly force.") (emphasis added); *see also* Ind. Code § 35-42-3-3 ("(a) A person who knowingly or intentionally: . . . (2) removes another person, by fraud, enticement, force, or *threat of force*, from one place to another, commits criminal confinement.") (emphasis added).

[11] This Court is not in the position to re-write the law or to expand its language beyond what the legislature wrote. "[W]e will not read into the statute that which is not the expressed intent of the legislature. As such, it is just as important to recognize what the statute does not say as it is to recognize what it does say." *N.D.F. v. State*, 775 N.E.2d 1085, 1088 (Ind. 2002) (internal citation omitted). If the legislature wishes self-defense to include "threat of force," then we leave it to the legislature to modify that statutory definition. Accordingly, the trial court did not abuse its discretion by declining to give Mobley's requested jury instructions, and we affirm.

[12] Affirmed.

Vaidik, C.J., and Friedlander, J., concur.